**Affirmed and Opinion and Dissenting Opinion filed June 14, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00867-CV

---

### RAINER VON FALKENHORST III, Appellant

### V.

### GEORGE D. FORD JR. AND HARRIS COUNTY CHILDREN'S PROTECTIVE SERVICES, Appellees

---

**On Appeal from the 313th District Court
Harris County, Texas
Trial Court Cause No. 2020-00690J**

---

## O P I N I O N

Nearly fourteen years after his parental rights were terminated, appellant Rainer von Falkenhorst III filed a bill of review to overturn the June 15, 2006, final order of termination and reverse his child's subsequent adoption.[1] Although he

---

[1] The appellate record demonstrates that the underlying termination proceeding was conducted in the 313th District Court of Harris County, but the adoption decree to which von Falkenhorst refers is not part of the appellate record.

named as defendants Harris County Children's Protective Services, its former director, and two former judges, no defendants were served or appeared. Von Falkenhorst nevertheless filed in the trial court a document styled as "Plaintiff's 2nd Final Motion for Summary Judgment on All parties Listed and Plaintiffs Response to Defendant George D. Ford, Jr and Harris County Child Protective Services Motion for Summary Judgment."

After an oral hearing at which only von Falkenhorst appeared, the trial court signed a final order dismissing the bill of review with prejudice. The trial court stated in the final order that von Falkenhorst did not properly serve any of the named defendants and that the bill of review is barred by the limitations periods set forth in Texas Family Code § 161.211 and Texas Civil Practice and Remedies Code § 16.051. *See* TEX. FAM. CODE ANN. § 161.211(a) ("[T]he parental rights of a person who has been personally served . . . is not subject to collateral or direct attack after the sixth month after the date the order was signed."); TEX. CIV. PRAC. & REM. CODE ANN. 16.051 (residual limitations period, which applies to a bill of review, is four years). Regarding the four-year limitations period, the trial court additionally stated that von Falkenhorst failed to show any evidence of extrinsic fraud that would toll limitations.

On appeal, von Falkenhorst challenges the final order only on the grounds that (1) the defendants were in fact served, so that the trial court should have granted his summary-judgment motion by default; (2) he showed evidence of extrinsic fraud that would toll the four-year statute of limitations; and (3) the Hon. Natalia Cokinos Oakes signed the judgment, although the Hon. William Thursland presided at the hearing.

2

## II.

The record does not show that any defendant was served. The documents von Falkenhorst cites as support for his contention include what appear to print-outs from the United States Postal Service showing that an unidentified piece of mail was left with an unidentified person at an unstated address in Austin, Texas, on October 5, 2020, and a second unidentified piece of mail was delivered to an unstated address in Houston, Texas, on October 19, 2020. The record also contains completed forms titled "Request for Issuance of Service" from the Harris County District Clerk's Office and unofficial copies of the citations, but the return of service on each is blank. These documents are insufficient to establish that any defendant was properly served. *See* TEX. R. CIV. P. 106, 107.

As for von Falkenhorst's second argument, he cites no evidence of extrinsic fraud that would toll the four-year limitations period applicable to bills of review. Moreover, he does not dispute that this action is time-barred under the more stringent statute of repose that applies to a challenge to an order terminating a person's parental rights.

Regarding his contention that the judgment was signed by a judge other than the one who presided at the hearing, we judicially notice that the Hon. Natalia Cokinos Oakes is the presiding judge of the 313th District Court, and the Hon. William Thursland is the associate judge. The hearing at issue was before Judge Thursland, and contrary to von Falkenhorst's assertion, Judge Thursland also signed the judgment.

Von Falkenhorst's remaining arguments pertain to the 2006 final order terminating his parental rights rather than the 2020 judgment that is the subject of this appeal. Because he has presented no arguments for reversing the trial court's judgment under review, we affirm.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain (Spain, J., dissenting).